UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED

00 SEP 27 PM 3: 56

U.S. ~~~~~~ ~~~~ COURT
N.D. OF ALABAMA

WESLEY NIXON, and )
JACQUELINE NIXON )
)
Plaintiffs, )
)
vs. ) Civil Action No. CV-99-3322-S
)
OLITA WHITESIDE, )
)
Defendant. )
)

ENTERED

SEP 27 2000

## Memorandum Opinion

This action is before the court on plaintiffs' motion for entry of default judgement (doc. no. 9), and defendant's motion to dismiss (doc. no. 7). Defendant's motion is based upon Federal Rules of Civil Procedure 12(b)(2) and (3). Upon consideration, this court determines that plaintiffs' motion for entry of default judgment should be denied, but based on defendant's motion, this action should be transferred to the United States District Court for the Southern District of Texas, Houston Division.

Defendant was served with a summons and complaint on June 8, 2000. According to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, an answer or other responsive pleading was due to be, but was not, filed within twenty days of that date. Even so, five days before plaintiffs filed their motion for entry of default judgment, defendant responded by filing a motion to dismiss.

The general rule is that default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible. *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). The entry of a default judgment, however, is committed to the discretion of the district court. *Hamm v. DeKalb County*, 774 F.2d 1567, 1576 (11th Cir.1985), *cert. denied*, 475 U.S. 1096, 106 S.Ct. 1492, 89 L.Ed.2d 894 (1986).

> [Once a] defendant appears and indicates a desire to contest the action, the court can exercise its discretion and refuse to enter a default. This approach is in line with the general policy that whenever there is doubt whether a default should be entered the court ought to allow the case to be tried on the merits.

Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* § 2682, at 18.

Plaintiffs have not shown this court that they have been prejudiced by defendant's tardy response.[1] Counsel for plaintiffs has indicated that he made contact with insurance representatives of the defendant and agreed to defer a request for default in order to allow additional time for settlement discussions. Settlement

---

[1] In determining whether a default judgment is appropriate, a court may consider several factors including:  (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts;  (6) whether the default is largely technical; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See* Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *see also* Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2685, at 33.

2

negotiations continued until September 18, 2000.[2] Defendant filed

her motion to dismiss on September 15, 2000, prior to the end the

settlement negotiation period.   Accordingly, because defendant

responded, although belatedly, and also because there appears to be

a lack of prejudice to plaintiffs, the court shall exercise its

discretion and deny plaintiffs' motion for entry of default

judgment.

It is the defendant's motion to dismiss that requires closer

scrutiny, as well as a brief statement of relevant facts.   The

pending action arose out of an automobile accident that allegedly

occurred in Houston, Texas, on December 24, 1997.   On the date of

the accident, plaintiffs were riding as passengers in a motor

vehicle operated by the defendant.   Plaintiffs allege that

defendant negligently or wantonly ignored a traffic signal (i.e.,

ran a red light) and that such conduct resulted in a collision with

another vehicle and substantial injuries to plaintiffs.

The complaint further asserts that plaintiffs are both

citizens of the State of Alabama, and that defendant is a citizen

of the State of Texas.

## I. DISCUSSION

Defendant's motion to dismiss is premised on the argument that

_____

[2] Plaintiffs' response to order to show cause (doc. no. 8).

3

this court lacks personal jurisdiction over defendant, and that venue is improper.  Whenever a plaintiff attempts to hail an out-of-state defendant into court, the plaintiff must state sufficient facts in his or her complaint to "support a reasonable inference that the defendant can be subjected to [personal] jurisdiction within the state in which the court sits."  *Hodges v. Furlong*, 883 F. Supp. 1524, 1526 (S.D. Ala. 1995); *see also Posner v. Essex Insurance Company, Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999).  If the plaintiff alleges sufficient facts to support such an inference, this court is obligated to deny a motion to dismiss based on lack of personal jurisdiction.  *Jackam v. Hospital Corp. of America Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986).

Moreover, in a diversity action, a federal court can assert jurisdiction over a nonresident defendant only to the extent permitted by the long-arm statute of the forum state.  *Complete Concepts, Ltd. v. General Handbag Corp.*, 800 F.2d 382, 388 (11th Cir. 1989).  Alabama's long-arm rule allows personal service over a nonresident defendant who has "some minimum contacts with this state [so that], under the circumstances, it is fair and reasonable to require the person to come to this state to defend [the] action."  Ala. R. Civ. P. 4.2(a)(2)(I).  Alabama's long-arm rule

4

has been interpreted to be as broad as the permissible limits of due process.  *See, e.g., Alabama Power Co. v. VSL Corp.*, 448 So. 2d 327, 328 (Ala. 1984).  Describing the reach of Alabama courts over nonresidents, the Alabama Court of Civil Appeals stated in *Garrett v. Key Ford, Inc.*, 403 So. 2d 923 (Ala. Civ. App. 1981):

> "The ultimate test of *in personam* jurisdiction is 'reasonableness' and 'fairness' and 'traditional notions of fair play and substantial justice.'"  *Oswalt v. Scripto, Inc.*, 616 F.2d 191, 200 (5th Cir.1980).  That case  merely restated the rule announced in the leading case of *International Shoe Co. v. State of Washington, etc.*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), that an *in personam* judgment may be rendered against a nonresident if he has certain minimum contacts so that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." 326 U.S. at 316, 66 S.Ct. at 158.

*Garrett*, 403 So. 2d at 925.

In the present action, there are no allegations within plaintiffs' complaint to support a reasonable inference that defendant can be subjected to the personal jurisdiction of this court.  All that can be gleaned from the complaint is that the motor vehicle collision which gave rise to plaintiffs' complaint occurred in Houston, Texas, and that defendant is a citizen of the State of Texas.  It appears that plaintiffs' residence in the State of Alabama is the only nexus between this action and the potential jurisdiction of Alabama's courts.  This is not sufficient to

subject defendant to the personal jurisdiction of this court.

Where a district court lacks personal jurisdiction over a defendant, it may nevertheless, as an alternative to dismissal, transfer the case to any district in which the action could have been brought. *See Roofing & Sheet Metal Services, Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 992 n.16 (11th Cir. 1982) (a court lacking personal jurisdiction over the defendant may transfer a case pursuant to 28 U.S.C. §§ 1404(a) or 1406(a)). Under 28 U.S.C. § 1406(a), a "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[3]

It is clear that the accident which gave rise to this action occurred in Houston, Texas, that the defendant also resides in Houston, Texas, and that plaintiffs have not shown that the defendant has any appreciable contacts with the State of Alabama.

---

[3] Proper venue in this case is determined under 28 U.S.C. § 1391(a), which provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Even so, because an outright dismissal would result in severe prejudice to plaintiffs, due to statute of limitation constrictions, this court concludes that the interests of justice would best be served by transferring this case to the United States District Court for the Southern District of Texas, Houston Division.  An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this **27**th day of September, 2000.

_____
United States District Judge